# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD ALBERT GARZA,<br>    Petitioner/Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent/Plaintiff. | Case No. CIV-11-279-RAW<br>(Underlying Case No. CR-09-034) |

## **ORDER**

Before the court is Richard Albert Garza's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence [Docket No. 1]. Having considered the briefing by Petitioner and the Government on the issue of timeliness, the court hereby DENIES Petitioner's § 2255 motion as untimely.

On March 18, 2009, Petitioner was charged with: (1) conspiracy to possess with intent to distribute and distribute controlled substances in violation of 21 U.S.C. § 846; and (2) forfeiture of the proceeds resulting from the drug conspiracy in the amount of $1,500,000.00 pursuant to 21 U.S.C. § 853. On April 21, 2009, Petitioner pleaded guilty to Count 1 of the Indictment. As to Count 2 of the Indictment, Petitioner and the Government agreed that the court would determine the amount of proceeds at the sentencing hearing.

On November 9, 2009, Petitioner was sentenced to the custody of the Bureau of Prisons for a term of one hundred and sixty-eight (168) months, supervised release for a term of sixty (60) months, and a special assessment of $100.00. The court also determined that the amount of proceeds from the offenses in Count 1 equaled $750,000.00 and directed Petitioner to forfeit that amount. The Judgment and Commitment were entered on November 12, 2009. Defendant did

not file a direct appeal at that time.

On April 9, 2010, the court entered the Order of Forfeiture as to the $750,000.00. On June 3, 2010, the court entered an Amended Order of Forfeiture to include Petitioner's real property located in Thackerville, Oklahoma as substitute property in partial satisfaction of the criminal forfeiture money judgment. On June 14, 2010, Petitioner filed a Notice of Appeal as to the Amended Order of Forfeiture. On January 13, 2011, the United States Court for the Tenth Circuit dismissed the appeal.

On August 15, 2011, Petitioner filed the instant § 2255 motion, raising the following grounds: (1) ineffective assistance of counsel for failure to assist Petitioner with the safety-valve; (2) ineffective assistance of counsel for failure to cross examine the Government's witnesses as to drug quantity at sentencing; and (3) Petitioner's sentence was unreasonable because it was based on an erroneous drug quantity.

A one-year period of limitation applies to habeas motions. 28 U.S.C. § 2255; United States v. Ramos, 150 Fed.Appx. 752, 753 (10th Cir. 2005). The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by a governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f). The second, third and fourth situations are not applicable here. Therefore, the limitations period runs from the date on which the judgment of conviction became final.

2

<u>Ramos</u>, 150 Fed.Appx. at 753.

The judgment becomes final when the time for filing an appeal expires. Thus, because Petitioner did not file a direct appeal, the judgment of conviction became final when the ten (10) day period for appeal[1] provided by Fed. R. App. P. 4(b)(1)(A)(i) expired on November 27, 2009. <u>United States v. Prows</u>, 448 F.3d 1223, 1227-28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."). Accordingly, any § 2255 motion filed after November 27, 2010 would be untimely.

The court is aware that an order of forfeiture becomes "a part of the sentence and is included in the judgment." <u>United States v. Ursery</u>, 518 U.S. 267, 320 (1996). Additionally, of course, a defendant may appeal an order of forfeiture, as Petitioner did in this case. This does not, however, result in the conclusion that each amendment of an order of forfeiture extends the time in which a defendant may file a § 2255 motion. Pursuant to § 2255, Petitioner's time to file a motion thereunder expired on November 27, 2010. Accordingly, his § 2255 motion is hereby DENIED as untimely.

It is so Ordered this 1st day of October, 2012.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[1] At the time of Petitioner's Judgment and Commitment, the period for appeal was ten (10) days, excluding holidays and weekends, from the date of the judgment of conviction. As of December 1, 2009, the period for appeal is fourteen (14) calendar days from the date of the judgment of conviction.